## The People on the relation of The Flint & Pere Marquette Railway Company v. The County Treasurer of Saginaw County.

*Statute construed: Redemption of lands sold for taxes: Amendments.* The amended section of the statute (*Laws of 1875, Act No. 17*), providing for the redemption of lands sold for taxes, takes the place of and repeals the original one (*Comp. L. 1871, § 1059*), and being the only act in force providing for redemption, it must govern.

*Legislative intent: Redemption: State policy: Vested rights: Inferences.* The legislative intent to cut off all right of redemption as to prior sales, being contrary to the uniform course of state policy in that regard, and also affecting injuriously the rights of those who before were entitled to redeem, will not be inferred.

*Redemption of lands sold for taxes: Amount paid to state: Concessions by the state: Interest: Penalty: Legislative intent: Construction.* That portion of the amount by the prior act required to be paid which went into the state treasury, though called interest, is not in the nature of interest, but is rather to be regarded in the light of a penalty, or as something exacted as a condition for the privilege of redeeming, which it is competent for the state, as the only party interested in enforcing it, to release; and such release being in the nature of a concession by the state to the individual, the legislative intent to make such concession, if fairly de-

FLINT & PERE MARQUETTE R. W. CO. *v.* COUNTY TREAS-
URER OF SAGINAW.

ducible from the statute, will not be defeated by the application of a
strict construction.

*Cases distinguished.*    This case is held distinguishable from that of *Smith v.
Auditor General,* 20 *Mich.,* 398.

*Heard and decided June 15.*

Application for *Mandamus.*

*Mandamus* is sought to require the respondent to accept moneys tendered him for redemption of lands sold for taxes. The amount tendered was the sum for which the lands were sold, with interest at the rate of twenty-five per cent., in accordance with the provisions of the tax law, as amended by the act of 1875 *(Laws of 1875, Act No. 17);* but the treasurer declined to receive it, on the ground that the act, as it stood before the amendment *(Comp. L. 1871, § 1059),* required the payment of interest at fifty per cent., and that, as these lands were sold for the taxes before the amendment, the original act, and not the amended one, was applicable; and that, therefore, the tender was insufficient in amount. Under the original act the fifty per cent. required to be paid was one-half of it directed to be paid over by the state treasurer to the purchaser, and the residue went to the state, and was passed to the credit of the general fund. Under the amended act the whole twenty-five per cent. was required to be paid over by the state treasurer to the purchaser. The purchaser, therefore, received the same amount under either statute.

*William L. Webber,* for relator.

*A. J. Smith, Attorney General,* for respondent, cited *Smith v. Auditor General, 20 Mich., 398.*

THE COURT held that the amended section took the place of and repealed the original one; and, being the only act in force providing for redemption, it must govern; that it must be assumed that such was the intention of the legislature, as the only alternative would be to infer an inten-

tion to cut off all right of redemption as to prior sales, which would not only be contrary to the uniform state policy in that regard, and therefore not to be deduced by slight inference, but it would, moreover, affect injuriously the rights of those who before were entitled to redeem; that the additional twenty-five per cent. required by the prior act was paid into the state treasury as a mere gratuity, which the state has the right to forego, since it does not affect at all the rights of the purchasers at the tax sales; that this payment, though called interest, is not in the nature of interest, but is rather to be regarded in the light of a penalty, or as something exacted as a condition for the privilege of redeeming, which it is competent for the state, as the only party interested, to release; that such release being in the nature of a concession by the state to the individual, the legislative intent to make such concession, if fairly deducible from the statute, will not be defeated by the application of a strict construction; and that this case is easily distinguishable from that of *Smith v. Auditor General, 20 Mich., 398.*

Writ granted.