LAKE ORION HEIGHTS, INC., *v.* OAKLAND CIRCUIT JUDGES.

1. Taxation—Sale for Delinquent Taxes—Notice to Owner.

   While the statutory procedure for the sale of lands for non-payment of taxes must be strictly adhered to, the statutory requirement that notices be mailed by the county treasurer to owners of land subject to sale for delinquent taxes at the next ensuing annual tax sale *held*, not a procedural requirement in view of further provision that failure to serve such notice shall not invalidate the proceedings taken under the auditor general's petition for sale of lands and decree of the court (1 Comp. Laws 1929, § 3453, as amended by Act No. 325, Pub. Acts 1937).

2. Same—Delinquent Taxes—Notice of Sale—Due Process.

   Publishing of auditor general's petition for sale of land for delinquent taxes which includes the description of the lands sought to be sold confers jurisdiction on the court and constitutes the notice required by due process.

3. Same—Notice by Mail—Purpose—Failure to Comply with Statute.

   Purpose of giving notice by mail by county treasurer to owner of lands about to be sold for delinquent taxes, in addition to the publication of the auditor general's petition for their sale, is to warn the taxpayer and induce him to make prompt payment of the taxes due, is for the benefit of the State and not for the benefit of the individual taxpayer and failure to comply with the statute may not be objected to by him (1 Comp. Laws 1929, § 3453, as amended by Act No. 325, Pub. Acts 1937).

4. Same—Publication of Auditor General's Petition—Individual Notice by Mail.

   Fact that descriptions of land about to be sold for delinquent taxes, used in auditor general's petition, were new, revised and

different from those formerly used, making it difficult to determine ownership of land from published notice, *held,* not to require that additional notice be mailed by county treasurer to owner of land as such mailed notice was not intended to correct any defects in the published petition or to give any additional information (1 Comp. Laws 1929, § 3453, as amended by Act No. 325, Pub. Acts 1937).

5. COSTS—PUBLIC QUESTION—CONSTRUCTION OF GENERAL PROPERTY TAX LAW.

No costs are allowed in mandamus proceeding in which construction of provision requiring county treasurer to mail notice of sale of land for delinquent taxes to the owners thereof is sought, a public question being involved (1 Comp. Laws 1929, § 3453, as amended by Act No. 325, Pub. Acts 1937).

Mandamus by Lake Orion Heights, Inc., against George B. Hartrick and H. Russel Holland, Oakland Circuit Judges, to compel the setting aside of an order dismissing plaintiff's objections to a tax sale. Submitted June 7, 1938. (Calendar No. 40,088.) Writ denied October 3, 1938.

*Glenn C. Gillespie* and *Carl A. Braun,* for plaintiff.

*Franklin E. Morris,* Prosecuting Attorney, and *Robert D. Heitsch,* Assistant Prosecuting Attorney, for defendants.

*Raymond W. Starr,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for the Auditor General.

BUTZEL, J. On March 4, 1938, the auditor general petitioned the circuit court for Oakland county for a decree of sale of upwards of 216,000 descriptions of separate parcels of property listed in 164 volumes

of the tax record books and on which the State claimed liens on account of unpaid taxes in an amount of between $5,000,000 and $6,000,000. At the hearing, plaintiff in this cause filed its special appearance and objected to the hearing or the entry of a decree of sale, because the county treasurer had failed to mail notices to the owners of the lands listed in the auditor general's petition, in conformance with section 61a of the general property tax law, 1 Comp. Laws 1929, § 3453, as amended by Act No. 325, Pub. Acts 1937 (Stat. Ann. § 7.106). The lower court dismissed plaintiff's objections and plaintiff petitioned for a writ of mandamus in this court, ordering the lower court to set aside the order dismissing his objections and staying all further proceedings. This court issued an order to show cause, but denied a stay of proceedings.

Section 61a of the general property tax law provides:

"As soon as the auditor general's petition, with a list of delinquent tax lands is filed with the register in chancery under the provisions of section sixty-one of this act and not less than thirty days before the date fixed for the annual tax sale, the county treasurer of each county in this State shall notify the owner or owners of each piece or parcel of land upon which taxes are then delinquent, and which are subject to sale at the next ensuing annual tax sale by mailing to the last known address of such owner or owners, a notice in substantially the form prescribed below. Said notice shall be sent to such owner or owners, directed to their last known postoffice address with postage fully prepaid thereon: (Here follows the form of notice.) * * * *Provided,* That failure to receive or serve such notice shall not invalidate the proceedings taken under the auditor gen-

eral's petition and decree of the circuit court, in foreclosure and sale of the lands for taxes.''

Plaintiff concedes that the mailing of the notices is not necessary to confer jurisdiction on the court, nor is it required by due process of law. Its contention is that the mailing of the notices, an almost impossible task in this case, is a procedural requirement which must be complied with if the failure to conform with the statute is called to the attention of the court before the entry of a decree of sale.

We are not unmindful of the rule that the statutory procedure for the sale of lands for nonpayment of taxes must be strictly adhered to, but we are of the opinion that the mailing of notices as provided in section 61a is not a procedural requirement. This is clearly indicated by the proviso that failure to serve the notice shall not invalidate the proceedings taken under the auditor general's petition and the decree of the court. Publishing of the petition of the auditor general which includes the description of the lands sought to be sold confers jurisdiction on the court and constitutes the notice required by due process. *Thompson* v. *Auditor General,* 261 Mich. 624. The form of the notice set out in section 61a does not call attention to the judicial proceedings except by inference from the statement that the property will be sold for taxes on a day certain. The purpose of giving notice, in addition to the publication, is merely to warn the taxpayer of the impending tax sale and to induce him to make prompt payment of the taxes due. The statutory provision is for the benefit of the State and not for the benefit of the individual taxpayer, and failure to comply with the statute may not be objected to by the taxpayer.

Plaintiff also claims that the descriptions in the auditor general's petition were new, revised and different from those formerly used, making it difficult to determine ownership of land from the published notice. However, this is not raised as an objection to the sufficiency of the published notice, but as an additional reason why the individual notices should have been mailed. If the published notice was legally sufficient, and plaintiff does not claim otherwise, then it has received all the notice it may demand under the statute. The notice to be given under section 61a was not intended to correct any defects in the published petition of the auditor general or to give any additional information. *In re Petition of Auditor General,* 275 Mich. 462 (107 A. L. R. 279). As has hereinbefore been stated, the giving of individual notice by mail is purely the concern of the State and not of the taxpayer.

The final order of the lower court is affirmed, but without costs, a public question being involved.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.