CITY OF DETROIT *v.* SAFETY INVESTMENT CORP.

1. Municipal Corporations—Home Rule Act—Power of Taxation.
   The home rule act recognizes the power of a city to levy taxes, which power contemplates the power to make all reasonable provisions for the collection of these taxes (1 Comp. Laws 1929, § 2230).

2. Same—State—Constitutional Law—Statutes.
   Action by the State or one of its municipal subdivisions manifestly in the interest of its people as a whole which does not abridge the rights of individuals nor contravene constitutional or statutory provisions should be upheld as a valid exercise of authority, though lacking in any positive grant of power to support it.

3. Same—Taxation.
   Municipalities must levy taxes to maintain their existence and finance the common services required by a community of people and means must be provided for the prompt enforcement of the collection of their taxes.

4. Same—Chancery Courts—Jurisdiction as to Collection of Taxes.

Courts of chancery have general jurisdiction over the levy and collection of taxes, and city charter amendment lodging the enforcement of tax law in such court by requiring it to foreclose liens for taxes unpaid after two years from sale, the same as other general liens on real estate, is in conformity to the general tax policy of the State and within the methods adopted by the legislature for enforcement of the collection of State and county taxes (1 Comp. Laws 1929, § 2230; Detroit Charter, title 6, chap. 4, §§ 11, 18).

5. Same—Charter Amendment—Constitutional Law—Retroactive Effect.

Charter amendment relative to enforcement of city tax liens by foreclosure on real estate after tax remains unpaid for two years after sale is not unconstitutional because of its retroactive character in affecting liens which attached prior to the amendment (Detroit Charter, title 6, chap. 4, §§ 11, 18).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted February 4, 1939. (Docket No. 115, Calendar No. 40,407.) Decided April 4, 1939. Rehearing denied June 22, 1939.

Bill by City of Detroit, a municipal corporation, against Safety Investment Corporation, a Michigan corporation, and others to foreclose a tax lien. Decree for plaintiff. Defendant Safety Investment Corporation appeals. Modified and affirmed.

*Raymond J. Kelly,* Corporation Counsel, and *John H. Witherspoon* and *John G. Dunn,* Assistants Corporation Counsel, for plaintiff.

*David M. Miro,* for defendant.

Bushnell, J. In *City of Detroit* v. *Sitter, ante,* 505, we had under consideration the effect of the 1933 and 1935 amendments to title 6, chap. 4, §§ 11,

19, 21 of the charter of the city of Detroit in the light of *Hoffman* v. *Otto,* 277 Mich. 437, and Act No. 325, Pub. Acts 1937, which amended section 74 of the general State tax law, the same being 1 Comp. Laws 1929, § 3467, as amended by Act No. 10, Pub. Acts 1932 (1st Ex. Sess.) (Comp. Laws Supp. 1935, § 3467, Stat. Ann. § 7.120). In the matter now under consideration we have an appeal from a decree of the circuit court, which held title 6, chap. 4, § 18 of the charter of the City of Detroit (as amended October 10, 1933) valid. The decree determined that this section was applicable to tax and assessment liens for the years 1933 and 1934. The first-mentioned tax became a lien on the property prior to the effective date of the amendment.

Defendant Safety Investment Corporation, the sole appellant herein, acquired an interest in certain premises in the city of Detroit under a 99-year tax lease dated June 1, 1931, wherein the city was grantor and the appellant, grantee. This lease was issued in accordance with the provisions of the city charter as they existed before the 1933 amendment; the city having acquired its interest by reason of the nonpayment of the 1930 taxes. The city real estate taxes for the years 1933 and 1934, not having been paid, were subsequently advertised for sale as provided by the charter of the city and statutes of the State, and the unpaid tax liens of the city were bid in by the controller in 1934 and 1935 in the sum of $302.98 and $308.14, respectively. The city then filed a bill of complaint to foreclose these tax liens, predicating its right upon section 18 of chapter 4 of title 6 of the charter. This section became effective October 6, 1933. The parties filed a statement of facts in which they agreed that this defendant claimed that (a) section 18 is unconstitutional for the rea-

sons given in its answer, (b) that if section 18 is constitutional, it is retroactive and, therefore, unenforceable as to the 1933 tax lien, and (c) that the city is estopped by having given a 99-year lease to this defendant from extinguishing the interest of its lessee by purchase and foreclosure of taxes subsequently levied.

The charter provision in question is somewhat lengthy. It provides that if a tax lien is still unpaid for two years succeeding the date of its sale, the holder, in this instance the controller, may then or at any time thereafter file a bill in chancery in the circuit court of Wayne county to foreclose the same, that "such bill and the procedure thereon shall conform to the law in respect to foreclosure in chancery of liens on real estate other than mortgage or other liens having special statutory provisions applicable thereto," that costs and attorney fees may be fixed, that summons and other process shall issue as in other chancery cases, including service by publication on absent and nonresident defendants, that a decree shall not be entered before the expiration of 120 days after the filing of the bill, that there shall be no redemption period under the decree beyond 60 days, and that appeals may be taken from the decree as in other chancery cases, et cetera.

Title 6, chap. 4, § 11, of the charter of the City of Detroit authorizes the city to sell lands for delinquent taxes.

The use of the word "constitutional" is somewhat inaccurate in a discussion involving the statutory authority of a municipality to adopt charter amendments.

The questions presented on appeal have been argued on the basis of the lack of jurisdiction of the chancery court and the authority of the city to

adopt the particular amendment to its charter. If the city of Detroit was authorized by the legislature to place the amended section in its charter, the question of the chancery court's jurisdiction is fully answered.

The home rule act, 1 Comp. Laws 1929, § 2228 *et seq.* (Stat. Ann. § 5.2071 *et seq.*), recognizes the power of the city to levy taxes, and it is mandatory that the subjects of taxation shall be the same as those set up in the general tax law, 1 Comp. Laws 1929, § 2230 (Stat. Ann. § 5.2073). This power also contemplates the power to make all reasonable provisions for the collection of these taxes.

"Power to levy and collect taxes, it is commonly held, carries with it the implied power to employ the necessary and usual procedure to execute the power and collect the revenue contemplated by the grant of power to make the levy."   6 McQuillin, Municipal Corporations, (2d Ed.), § 2566.

"When action is taken by a State or one of its municipal subdivisions, manifestly in the interest of its people as a whole, and the rights of individuals are not abridged thereby, and such action is not within the inhibition of some constitutional or statutory provision, it should be upheld as a valid exercise of authority, though lacking in any positive grant of power to support it." *Bowler* v. *Nagel,* 228 Mich. 434, 440 (37 A. L. R. 1154).

We have recently had occasion to observe that the method of sale of tax liens in this State for many years has been "a solemn court proceeding in which it sought to divest owners from the ownership of their property by chancery decree and sale." See *In re Petition of Auditor General,* 275 Mich. 462, 468 (107 A. L. R. 279). In *Auditor General* v. *Hutchinson,* 113 Mich. 245, it was held that the legis-

lature intended to confer upon courts of equity "jurisdiction to decree a sale of delinquent lands, in which proceeding a taxpayer would be permitted to appear and defend, not upon technical grounds or upon a mere neglect of official duty, which would not affect the justice of the tax or prejudice his property rights, but in which he might appear and defend for defects which were jurisdictional, and which prejudiced him. Under the old law, the prudent and honest men paid their taxes; the careless and dishonest did not. Under that system the prudent and honorable men paid more than their fair share of the public burdens. The present law (Act No. 206, Pub. Acts 1893, section 99 of that act being involved in the case) was aimed to cure this evil, and should be liberally construed."

Within the body of the general property tax law there is set up in detail the procedure whereby the auditor general may enforce the lien of the State for delinquent taxes. (See 1 Comp. Laws 1929, § 3451 et seq. [Stat. Ann. § 7.104 et seq.]). The auditor general is required to file a petition addressed to the circuit court in chancery in the county in which the delinquent lands are located, and the form of the decree to be entered is provided by statute. The general tax law also provides that this act "shall be applicable to all cities and villages where not inconsistent with their respective charters," et cetera. 1 Comp Laws 1929, § 3500 (Stat. Ann. § 7.161). The next succeeding section, which provides for the return and collection of unpaid taxes, says in part:

"The authorities of any city or village which, by its charter, has the right to sell lands for unpaid taxes or assessments, may provide for judicial sale of such lands. Such sale shall be made on petition filed in behalf of the city or village in interest, and

shall conform, as near as practicable, to the provisions as to sale in this act." 1 Comp. Laws 1929, § 3501 (Stat. Ann. § 7.162).

There is no claim that the procedure for the foreclosure of the city's tax lien is inequitable.

Municipalities must levy taxes in order to maintain their existence and finance the common services required by a community of people. Means must also be provided for the prompt enforcement of the collection of those taxes. See report of Michigan State Tax Study Commission, January 30, 1939. Courts of chancery have general jurisdiction over such matters, *Hooker* v. *Bond,* 118 Mich. 255, and the procedure adopted by the people of the city of Detroit in their charter is in conformity to the general tax policy of the State and within the methods adopted by the legislature for the enforcement of the collection of State and county taxes.

But it is argued that, whether or not the charter provision is good, in any event, it cannot apply to tax liens of an earlier date than the effective date of the amendment. This argument is answered by *People, ex rel. Flint & Pere Marquette R. Co.,* v. *Saginaw County Treasurer,* 32 Mich. 260. Nor is the provision unconstitutional because of its retroactive character. *Muirhead* v. *Sands,* 111 Mich. 487, and *Webster* v. *Auditor General,* 121 Mich. 668.

The court of chancery had jurisdiction and the decree entered is affirmed, but with the modification that the period of redemption begins from the date of this opinion. Costs to appellee.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.