CITY OF DETROIT *v.* COLLATERAL LIQUIDATION, INC.

1. COURTS—STARE DECISIS.

A previous decision involving validity of home rule city charter provision as to judicial sale of real estate for nonpayment of taxes is controlling of same question in subsequent case, the rule of *stare decisis* being applicable (Detroit City Charter, title 6, chap. 4, § 18).

2. TAXATION—MUNICIPAL CORPORATIONS—SCHOOLS—CHARTERS.

Since city school taxes must be levied and collected in the same manner as city taxes, where home rule city charter provisions relative to collection of city taxes by means of judicial sale are valid, such provisions would likewise be valid with reference to school taxes (Comp. Laws 1929, §§ 2230, 7281; Detroit City Charter, title 6, chap. 4, § 18).

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 23, 1940. (Docket No. 28, Calendar No. 41,261.) Decided December 10, 1940.

Bill by City of Detroit, a municipal corporation, against Collateral Liquidation, Inc., a foreign corporation, to foreclose a tax lien. Decree for plaintiff. Defendant appeals. Affirmed.

*Paul E. Krause,* Corporation Counsel, and *John H. Witherspoon* and *John G. Dunn,* Assistants Corporation Counsel, for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

BOYLES, J. Defendant (appellant) attacks the validity of the tax sale by the city of Detroit of certain real estate owned by defendant for city taxes and school taxes for the years 1933, 1934, and 1935.

The specific questions raised are (1) Whether the city of Detroit, in its home rule charter, can provide for a tax sale other than a judicial sale (a) for city taxes, (b) for school taxes; and (2) Can the city of Detroit, in its home rule charter, provide for foreclosure of tax liens by a decree in chancery transferring title to the city without a judicial sale.

Paraphrased, the question before us is whether provisions of the home rule charter of Detroit are invalid as contravening State law, with particular reference to judicial sale of lands for (a) city taxes, (b) school taxes. The trial court upheld the legality of the charter provisions.

As to city taxes, the question now raised is controlled by the recent decision of this court in *City of Detroit* v. *Safety Investment Corp.*, 288 Mich. 511. The question of the validity of section 18 of chapter 4 of title 6 of the charter of the city of Detroit was submitted and decided in that case. The defendant therein raised the question of judicial sale and, after the opinion was filed in that case, an application by the defendant for rehearing was denied. The rule of *stare decisis* now applies to this question.

The record before us is silent as to the provisions, if any, in the charter of the city of Detroit in regard to the collection of school taxes. Recourse to the brief for plaintiff (appellee) indicates that the budget for the board of education of the city of Detroit is prepared in the same manner and at the same time as the city's budget; that the budget of the board is then submitted to the appropriating body of the city and so much of the same as shall be allowed is "levied and collected the same as city taxes." This is in conformity with section 16 of chapter 8 of part 1 of the general State school code (2 Comp. Laws 1929, § 7281 [Stat. Ann. § 15.269]).

The home rule act for cities (1 Comp. Laws 1929, § 2230 [Stat. Ann. § 5.2073]) requires:

"Each city charter shall provide: * * *

"(f) That the subjects of taxation for municipal purposes shall be the same as for State, county and school purposes under the general law; * * *

"(i) For the levy, collection and return of State, county and school taxes in conformity with the general laws of the State, except that the preparation of the assessment roll, the meeting of the board of review, and the confirmation of the assessment roll may be at such times as shall be provided in the city charter." *

This leads to the question whether the collection of city taxes by the city of Detroit is in conformity with the general laws of the State. If so, the collection of school taxes, being a part of the same procedure as the collection of city taxes, *ipso facto* conforms to State law. The fact that both city and school taxes are collected in the same manner answers the question. The legality of the charter provisions under this procedure was decided in the *Safety Investment Case, supra.*

Affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.

---

* See Detroit Charter, title 6, chap. 4, § 33.—REPORTER.