## SCHRAM v. SAFETY INV. CO.
### Civil Action No. 1241.

District Court, E. D. Michigan, S. D.

June 11, 1941.

Robert S. Marx, Lawrence I. Levi, and Thomas L. Conlan, all of Detroit, Mich., for plaintiff.

David M. Miro, of Detroit, Mich., for defendant.

PICARD, District Judge.

The facts in this case are not disputed. Plaintiff claims title to certain real property through foreclosure of a mortgage and defendant by virtue of title emanating from a Detroit city tax sale in March 1931.

The main question involved is whether the Detroit city charter by fair interpretation requires that each parcel of land to be sold as tax delinquent be separately described in the published notice and if it does not so provide does such failure render any tax sale under it absolutely void. It is conceded that the Detroit charter as it existed prior to 1935 does not specify publication of a description of each parcel in like language as the State of Michigan was obligated to do under the General Property Tax. That charter merely required the City Treasurer to publish a notice to tax payers of delinquent tax sales including a statement that a list had been prepared of such taxpayers delinquent in special tax assessments "for sidewalks, tree planting, sewers, street paving, alley paving, street openings and widenings, alley openings and widenings, and water pipe extensions." The notice of the City Treasurer also al-

ways stated that personal notice by letter with bills rendered had "been sent to all owners" etc.

However, there was evidence that prior to 1930 the procedure followed by the Detroit Treasurer was identical with that of the State's Auditor General, but this practice was discontinued at the beginning of the depression and in 1935 the procedure that had been followed, either voluntarily or by interpretation up to 1930, was specifically written into the law.

The owner, in this action, had failed to pay his street paving tax and the sale here was held in 1931. In 1933 the Auditor General of the State of Michigan, evidently being informed of the practice then going on in Detroit which saved publication expense, prevailed upon the state legislature to pass legislation permitting a similar proceeding to be followed in the State's annual tax sale held by the Auditor General. As a result two cases—Thompson v. Auditor General, 261 Mich. 624, 247 N.W. 360 and In re Auditor General's Petition, 275 Mich. 462, 266 N.W. 464, 107 A.L.R. 279—were quickly before and as quickly decided by the Michigan Supreme Court. These two cases are plaintiff's sole reliance. The contention in the Thompson case, supra was that the Auditor General be compelled by mandamus to publish a description of each parcel of property to be sold at the tax sale and there is no denying that those cases held that the list of lands delinquent for taxes must be so published.

The court in the Thompson case, supra [261 Mich. 624, 247 N.W. 368], in condemning the proposed practice stated there was "necessity of identifying the particular parcels of land with reasonable certainty in order that the owner may know his lands are offered for sale and the intending purchasers may know what lands are offered for sale". And at page 657 of 261 Mich., at page 372 of 247 N.W.: "Publication must accurately describe the particular lands sought to be sold, in order to give the court jurisdiction to make a valid order of sale of such parcels."

However, it developed that after the decision in the Thompson case, supra, the same Supreme Court, having granted mandamus, compelling the Auditor General to publish the list, wrote a short opinion that never appeared in the published reports but which held: "It now having been shown to the court that the legislative acts considered were in effect intended to be temporary and

emergency legislation under the police power of the State, and in view of the fact that an emergency exists and it appearing that other legislation is contemplated to meet the crisis * * * the writ of mandamus being discretionary * * * should not issue."

The City of Detroit operates under a charter given it by virtue of the Home Rule Act, Comp.Laws Mich.1929, § 2228 et seq., and here we have a sale held following delinquency of a special assessment carried out as specified by the provisions of that charter. This is important because turning to In re Petition of Auditor General, supra, 275 Mich. at page 470, 266 N.W. at page 467, 107 A.L.R. 279, we find this language: "It is further claimed that each property owner necessarily is presumed to know the law and the consequences if he has failed to pay his taxes. *This latter argument would have force were this not a judicial proceeding in which there must be either personal or substituted service."* (Italics ours)

The last four lines are significant. The case at bar is not a judicial proceeding like an action in chancery covered by the Thompson and Auditor General cases, supra. Foreclosure under the General Property Tax law, Comp.Laws Mich.1929, § 3389 et seq. as amended, is by chancery. We do not find it necessary to go contrary to the Thompson opinion as first expressed, but if the reasoning of the Supreme Court was applicable to the Thompson case, it can certainly be applied here. Surely as much of an emergency—warranting change from its voluntary or legally interpreted practice of following the state procedure to a liberal construction of its own charter provision, to save unnecessary public expense—existed in Detroit with at least one-third of the state population concentrated as existed in the State of Michigan as a whole. Those days we now know more than ever presented a crisis and it would not be in the interest of the public good to disturb other sales held under the same charter at that time. Any doubt of the procedure then in effect should be construed in favor of its legality.

But we do not place our decision upon that ground entirely. We believe the charter of the City of Detroit was complied with; that such provisions were entirely legal; and that no rights of property owners were trampled upon. It is also well to note that a personal notice by letter

was sent to the owners which was a means of service covered by the charter that was not provided for in the General Tax law. Having held for defendant, it is not necessary for this court to decide whether it lacks jurisdiction as defendant contends is a bar. But in any event we hold that we do have jurisdiction and on this point quote Hawkins v. Dillman, 268 Mich. 483, 256 N.W. 492, 494, as authority that where a court of chancery has the matter properly before it "on an independent ground, it may determine the question of title, although an action of ejectment would likewise be open".

A decree may be prepared accordingly.