CITY OF DETROIT *v.* O'CONNOR.

1. MUNICIPAL CORPORATIONS—CHANCERY COURTS—JURISDICTION—COLLECTION OF TAXES.
   Charter provision lodging enforcement of tax law in court of chancery requiring it to foreclose liens for taxes unpaid after two years from sale, the same as other general liens on real estate, is in conformity to the general tax policy of the State and within the methods adopted by the legislature for enforcement of the collection of State and county taxes (1 Comp. Laws 1929, § 3501, Detroit Charter, title 6, chap. 4, § 18).

2. SAME—HOME-RULE CITY A STATE AGENCY—DELEGATION OF POWERS.
   A home-rule city in exercising a power delegated to it by the State under its charter acts as an agency of the State.

3. TAXATION—ENFORCEMENT OF LIEN A SPECIAL PROCEEDING IN REM.
   Proceedings to enforce a tax lien are actions *in rem,* and are special in their nature.

4. EQUITY—SETTING ASIDE DECREE—STATUTES—FORECLOSURE OF TAX LIENS.

    Statutory provisions designed to afford opportunity for parties in certain chancery suits upon whom personal service has not been had to be heard after decree has been entered and as though no decree had been made do not apply to proceedings by a home-rule city to foreclose tax liens in view of the fact that such proceedings are otherwise provided for by statute, and that such city in enforcing a tax lien is a State agency acting within the scope of the authority delegated to it (Comp. Laws 1929, §§ 3501, 14343–14349; Detroit Charter, title 6, chap. 4, § 18).

5. STATE—MUNICIPAL CORPORATIONS—CONSTRUCTION OF STATUTES.

    The State and its agencies are not to be considered as within the purview of a general statute unless the intention to include them is clearly manifest.

Appeal from Wayne; Callender (Sherman D.), J. Submitted June 2, 1942. (Calendar No. 41,975.) Decided September 8, 1942. Rehearing denied October 21, 1942.

Bill by City of Detroit, a municipal corporation, against Frank E. O'Connor and another to foreclose a tax lien. Decree for plaintiff. On petition of defendant O'Connor to vacate decree. From order vacating decree, plaintiff appeals. Reversed.

*Paul E. Krause,* Corporation Counsel, *John H. Witherspoon,* Chief Assistant Corporation Counsel, and *Veno E. Sacre,* Assistant Corporation Counsel, for plaintiff.

*Meyer Weisenfeld,* for defendant.

BUSHNELL, J. Plaintiff city of Detroit appeals from an order entered August 27, 1941, permitting defendant Frank E. O'Connor to appear and file an answer in a tax lien foreclosure brought by the city after his default had been entered following service by publication.

O'Connor, who resided in the city of New York, was the owner of certain property in the city of Detroit on which taxes for the years 1933 and 1934 were not paid. The city contends that defendant Detroit Trust Company, a Michigan corporation, was in possession of the premises and was acting as agent in a managerial capacity for O'Connor.

The unpaid tax liens were bid in by the controller of the city of Detroit in June of 1934 and 1935 and action was begun to foreclose the liens under the authority of title 6, chap. 4, § 18, of the charter of the city of Detroit on March 8, 1938. The validity of this section of the charter was upheld in *City of Detroit* v. *Safety Investment Corp.*, 288 Mich. 511. See, also, *City of Detroit* v. *Collateral Liquidation, Inc.*, 295 Mich. 440. In the first case cited, the court said, after discussing the charter provision:

"And the procedure adopted by the people of the city of Detroit in their charter is in conformity to the general tax policy of the State and within the methods adopted by the legislature for the enforcement of the collection of State and county taxes."

1 Comp. Laws 1929, § 3501 (Stat. Ann. § 7.162) provides in part:

"The authorities of any city or village which, by its charter, has the right to sell lands for unpaid taxes or assessments, may provide for judicial sale of such lands. Such sale shall be made on petition filed in behalf of the city or village in interest, and shall conform, as near as practicable, to the provisions as to sale in this act."

In exercising a power delegated to it by the State, the city of Detroit, under its charter provisions, acted as an agency of the State. *Hudson Motor Car Co.* v. *City of Detroit,* 282 Mich. 69, 78 (113 A. L. R. 1472).

O'Connor filed his petition to set aside the foreclosure decree and permit him to appear and answer on August 27, 1941, and the order vacating the decree was entered the same day. The decree in the foreclosure matter was entered on March 11, 1941, and the controller's quitclaim deed which, according to the charter made the city's title absolute, was dated May 21, 1941, and was recorded on June 24, 1941. O'Connor's petition was based upon the provisions of 3 Comp. Laws 1929, §§ 14343–14349 (Stat. Ann. §§ 27.1111–27.1117). These sections of the statute are of long standing and provide:

"Section 1. Whenever a bill shall be filed in chancery, for relief, or for the benefit of the creditors generally of any person, or of any estate, or for the benefit of any other persons than the plaintiffs, who will come in and contribute to the expense of such suit, every order which may be made thereon requiring such creditors or other persons to exhibit their demands shall in all cases be published once in each week, for at least three weeks, and as much longer as the court may direct, in any newspaper which the court may designate.

"Sec. 2. In any case where personal service was not had, except in case of divorce, if the defendant against whom any decree shall have been made, or his representatives, shall afterward appear and petition to be heard, the party so petitioning shall be admitted to answer the plaintiff's bill upon paying or securing to be paid such costs as the court shall adjudge, and the suit shall then proceed in like manner as if such defendant had appeared in due season and no decree had been made.

"Sec. 3. The defendant or his representatives, must so appear within one year after notice in writing of the decree shall have been given to him or

them, and within seven years after the making of the decree, when such notice shall not be given.''

Section 4 provides for confirmation of the decree within the time mentioned, and sections 5, 6 and 7 provide for special procedure ''if the bill shall have been filed to procure the foreclosure or satisfaction of a mortgage,'' et cetera.

The controlling question is whether these sections apply to tax foreclosure proceedings brought in accordance with the charter provisions of the city of Detroit. If these sections do not apply, then the order setting aside the foreclosure decree is void. Nothing is said in the cited sections with respect to tax proceedings. Such proceedings are actions *in rem, Thompson* v. *Auditor General,* 261 Mich. 624, 657, and are special in their nature.

The sections of the statute under which O'Connor sought to have his default set aside are sections 1 to 7, inclusive, of chapter 19 of the judicature act (Act No. 314, Pub. Acts 1915 [3 Comp. Laws 1929, §§ 14343–14349 (Stat. Ann. §§ 27.1111–27.1117)]), and are by their language limited to certain actions of an equitable nature described in section 1 thereof. Actions of divorce are excluded in section 2 and the setting aside of defaults in mortgage foreclosure proceedings are qualified in sections 5 to 7, inclusive. The heading of chapter 19 of the judicature act reads: ''Practice in chancery cases not otherwise provided for.'' Tax foreclosures are otherwise provided for in the statutes. It is difficult to believe that the legislature contemplated a procedure whereby a nonresident taxpayer could, within either one year or seven, as the case may be, completely destroy the effectiveness of the machinery for the collection of taxes, and it is equally difficult to believe that the sections of the statute on which

the petition was based apply to proceedings brought by an agency of the State while acting within the scope of the authority delegated to it.

We think the general rule of statutory construction as stated in *Miller* v. *Manistee County Board of Road Commissioners,* 297 Mich. 487, 490 (136 A. L. R. 575), is applicable here. In that case the court quoted with approval a statement from 59 C. J. pp. 1103, 1104, as follows:

"The State and its agencies are not to be considered as within the purview of a statute, however general and comprehensive the language of such act may be, unless an intention to include them is clearly manifest."

Although the rule was not stated in such explicit terms, it was applied in *Hoffman* v. *Otto,* 277 Mich. 437. See, also, *Crane* v. *Reeder,* 21 Mich. 24, 77 (4 Am. Rep. 430).

The order entered by the trial judge is vacated, with costs to appellant.

Chandler, C. J., and Boyles, North, Starr, Butzel, and Sharpe, JJ., concurred. Wiest, J., did not sit.