CITY OF DETROIT v ALSIP

Docket No. 79419. Submitted June 11, 1985, at Detroit.—Decided September 17, 1985. Leave to appeal applied for.

The City of Detroit brought an action in the Wayne Circuit Court against Ledford L. and Cherie L. Alsip and Stanley R. Van Reken for confirmation of an administrative tax sale of property for failure to pay city real estate and public school tax assessments. The court, Charles Kaufman, J., granted summary judgment for the city. Stanley Van Reken appealed, alleging that the city did not have authority to enforce the collection of delinquent school taxes. *Held:*

The power to tax contemplates the power to make all reasonable provisions for the collection of taxes. The City of Detroit has the authority to enforce collection of delinquent school taxes by foreclosure.

Affirmed.

Taxation — Municipal Corporations — School Taxes — Collection of Taxes.

The power to tax contemplates the power to make all reasonable provisions for the collection of taxes; the City of Detroit has the authority to enforce collection of delinquent school taxes by foreclosure (MCL 380.1611; MSA 15.41611; Detroit City Charter, § 8-403).

*Donald Pailen,* Corporation Counsel, *Peter W. Macuga, II,* Supervising Assistant Corporation Counsel, and *Mary Richman,* Assistant Corporation Counsel, for plaintiff.

*Nolan & Hoeberling, P.C.* (by *Charles T. Nolan* and *Marguerite F. Walker, II),* for defendants.

Before: Danhof, C.J., and R. B. Burns and V. J. Brennan, JJ.

References for Points in Headnote

Am Jur 2d, State and Local Taxation §§ 68-190.

See the annotations in the ALR3d/4th Quick Index under Taxes.

PER CURIAM. Defendant Stanley R. Van Reken appeals from an order granting summary judgment in favor of plaintiff, City of Detroit, GCR 1963, 117.1(3), and ordering foreclosure on certain residential property located within the city. In this action, the city sued for judicial confirmation of an administrative tax sale of property for failure to pay city real estate taxes and public school tax assessments. Defendant did not deny liability but challenged the city's foreclosure procedure contending that the city is without authority to foreclose for delinquent taxes.

In *Detroit v Collateral Liquidation, Inc*, 295 Mich 440; 295 NW 218 (1940), our Supreme Court upheld the validity of city charter provisions permitting property tax foreclosures for nonpayment of both city and school taxes. Defendant claims this case is not controlling precedent because the Court did not specifically address the issue of whether delinquent school taxes were within a municipality's jurisdiction. We disagree. In *Collateral Liquidation,* the Court stated:

"The record before us is silent as to the provisions, if any, in the charter of the city of Detroit in regard to the collection of school taxes. Recourse to the brief for plaintiff (appellee) indicates that the budget for the board of education of the city of Detroit is prepared in the same manner and at the same time as the city's budget; that the budget of the board is then submitted to the appropriating body of the city and so much of the same as shall be allowed is 'levied and collected the same as city taxes.' This is in conformity with section 16 of chapter 8 of part 1 of the general State school code (2 Comp. Laws 1929, § 7281 [Stat. Ann. § 15.2691]).

"The home rule act for cities (1 Comp. Laws 1929, § 2230 [Stat. Ann. § 5.2073]) requires:

" 'Each city charter shall provide: * * *

" '(f) That the subjects of taxation for municipal

purposes shall be the same as for State, county and school purposes under the general law; * * *

" '(i) For the levy, collection and return of State, county and school taxes in conformity with the general laws of the State, except that the preparation of the assessment roll, the meeting of the board of review, and the confirmation of the assessment roll may be at such times as shall be provided in the city charter.'

"This leads to the question whether the collection of city taxes by the city of Detroit is in conformity with the general laws of the State. If so, the collection of school taxes, being a part of the same procedure as the collection of city taxes, *ipso facto* conforms to State law. The fact that both city and school taxes are collected in the same manner answers the question. The legality of the charter provisions under this procedure was decided in the *Safety Investment Case, [Detroit v Safety Investment Corp,* 288 Mich 511; 285 NW 42 (1939)]." 295 Mich 441-442.

Michigan law permits a city to act as collection agent for the city's portion of its school district taxes if approved by the city's governing body. MCL 380.1611; MSA 15.41611. In Detroit, such approval has been granted in § 8-403 of the city charter.[1]

---

[1] "1. Except as otherwise provided by this charter or ordinance, the rights, duties, powers, immunities and procedures established by state law shall apply in the collection and enforcement of City property taxes.

"2. City property taxes shall become a debt of the persons liable for them on the date provided by state law and shall become payable, and a lien upon the property, on the 1st day of the City's fiscal year or such other date as may be provided by ordinance.

"3. Property taxes shall become delinquent if they remain unpaid on September 1. However, when any person shall pay 1/2 of the City taxes on any property on or before the 15th day of August, the remaining 1/2 shall not become delinquent until the 16th day of January. The City may, by ordinance, provide interest and penalties for delinquent City property taxes.

"4. State, county and school taxes shall be collected and returned by the City treasurer in accordance with state law. However, except as otherwise provided by law or ordinance, city property. taxes shall not be returned to the Wayne County treasurer under state law.

Defendant would have us read the statute narrowly and find a distinction between the "collection" and "enforcement" of taxes. According to defendant, the city is limited to attempting to collect currently due school taxes and may not enforce delinquent school taxes. We reject this interpretation. The power to tax contemplates the power to make all reasonable provisions for the collection of taxes. *Detroit v Safety Investment Corp*, 288 Mich 511, 515; 285 NW 42 (1939).

We affirm the trial court's grant of summary judgment. No costs, a public question.

"5. Before the end of the City's fiscal year, the treasurer shall give reasonable notice to all persons who are liable for delinquent real property taxes that, on the last day of the fiscal year, the City's lien on real property for delinquent City real property taxes shall be deemed 'sold' to the finance director.

"6. Two years after such a sale of the lien on any real property, the City may bring a civil action to foreclose its lien.

"If the City prevails in the action, the judgment, which may not be entered before 120 days have expired from the filing of the complaint, shall provide that possession of the real property to which the lien attached shall be given to the City, unless the judgment and all costs are paid within 60 days. There shall be no redemption period under the judgment beyond the 60 days. The judgment when final shall be conclusive evidence of the City's title in fee simple, subject only to unextinguished interests or encumbrances."