HOFFMAN *v*. OTTO.

1. TAXATION—SOVEREIGN POWER—DELEGATION—MUNICIPAL CORPORA-
TIONS.

Taxation is a power of sovereignty which may not be surrendered
but, to the extent of public need, may be delegated to munic-
ipal power.

2. MUNICIPAL CORPORATIONS—TAXATION.

Power of taxation, when delegated for general municipal pur-
poses, is clothed with effectiveness and, unless carrying restric-
tions, serves with the sovereign power and should be saved
from defeat of such purpose if reasonably possible.

3. TAXATION—STATUTES—STATE, COUNTY AND CITY TAXES—SALES—
REDEMPTION.

While State could, by appropriate legislation, declare that title
under tax deeds for lands executed after their sale for State
and county taxes, would be free from liens for city taxes, if
city upon notice by grantee of right to redeem does not redeem,
such legislation would have to be plainly expressed and cannot
be accomplished by construction or implication.

4. SAME—MUNICIPAL CORPORATIONS—CITY BID—REDEMPTION—NO-
TICE OF SALE FOR STATE AND COUNTY TAXES.

City which had bid in land sold for city taxes and while so hold-
ing, subject to redemption, *held*, not required to redeem under
notice given by purchaser at sale for contemporaneous and sub-
sequent State and county taxes and hence lost no rights in
failing to do so (Const. 1908, art. 8; 1 Comp. Laws 1929,
§ 2230; Detroit Charter, Title 6, chap. 4, §§ 21, 22).

5. SAME—STATE, COUNTY AND CITY TAXES—SALES—REDEMPTION.

Purchaser at sale for State and county taxes, who gave notice to
city of right to redeem *held*, not entitled to quiet title against
outstanding liens for previous and contemporaneous city taxes
(Const. 1908, art. 8; 1 Comp. Laws 1929, § 2230; Detroit
Charter, title 6, chap. 4, §§ 21, 22).

Appeal from Wayne; Hunt (Ormond F.), J. Submitted January 21, 1936. (Docket No. 9, Calendar No. 38,528.) Decided October 16, 1936. Rehearing denied December 9, 1936.

Bill by Dora Hoffman against Irene Otto and others and City of Detroit to quiet title to land. From decree for plaintiff, defendant City of Detroit appeals. Reversed and bill dismissed as to defendant City of Detroit.

*David Goldman,* for plaintiff.

*Raymond J. Kelly,* Corporation Counsel, and *John H. Witherspoon,* Assistant Corporation Counsel, for defendant City of Detroit.

Wiest, J. This is a bill to quiet title under a State tax deed, against tax liens of the city of Detroit, and presents the question of whether sales for State and county taxes, with purchase by the State and subsequent deed by the State, vests title in the grantee, free from contemporaneous taxes levied by the city, if the city, upon notice by the grantee of a right to do so, does not redeem.

The court below held:

"That the said tax deed for the State and county taxes for the year 1928 discharges and destroys any interest of any name or nature that the city of Detroit may have in said premises by reason of taxes or special assessments levied by such city for the years 1927 and 1928.

"That a fair and reasonable interpretation of the statutes and provisions of the charter of the city of Detroit does not warrant awarding to the plaintiff a decree canceling, vacating and setting aside the lien of the city for its assessments subsequent to the year 1928."

The decree quieted the title in plaintiff as of August 21, 1933, subject to taxes and assessments levied by the city and State and county for 1929 and subsequent years.

The city appealed from the decree quieting plaintiff's title and plaintiff appealed from the reservations in the decree but, at the hearing, made waiver thereof.

Upon the premises there is a 65-apartment building. In December, 1932, A. Kaufman received a State tax deed for the premises for the State and county taxes of 1928, and at that time he also paid the State and county taxes for the years 1929, 1930 and 1931, and secured from the auditor general a certificate for the purchase of a State tax deed for the year 1929, and receipts for payment of the 1930 and 1931 taxes. Mr. Kaufman, in December, 1932, by quitclaim deed, conveyed to plaintiff, who then served a notice upon the city and others of right to redeem from the tax deed upon payment of $11,024.51. No redemption was made. The city of Detroit had unpaid levies for taxes and special assessments upon the premises for the years 1927, 1928, 1930, 1931, 1932 and 1933.

Plaintiff contends that the tax deed, under which she holds, and the failure of the city to redeem upon notice, destroyed the general and special tax levies and interest of the city in the property for the years 1927 and 1928.

In behalf of the city it is contended that there is no superiority among the tax liens of the units of government of the State; that the tax lien of the city of Detroit is, by the Constitution and statutes, accorded equality of effectiveness with the lien for State and county taxes; that the sale of real estate for delinquent taxes by one unit of the government is subject to the duly authorized tax lien of another

unit of the government within the State, when the tax lien is possessed by the municipal unit, and that plaintiff's title, under the tax deed, did not and could not divest and destroy the tax liens of the city.

Taxation is a power of sovereignty. The power may not be surrendered but, to the extent of public need, may be delegated to municipal power. When, for general municipal purposes, it is so delegated it is clothed with effectiveness and, unless carrying restrictions, serves with the sovereign power and is to be saved from defeat of such purpose if reasonably possible.

The State, undoubtedly, could, by appropriate legislation, do the very thing claimed by plaintiff, but such legislation would have to be plainly expressed and cannot be accomplished by construction or implication.

Our attention is not called to any such plainly expressed legislation.

In the case at bar we understand the contest relates wholly to an instance where the city bid in the property and plaintiff seeks to quiet her title against such a holding by the city.

The city of Detroit operates under a charter authorized by Constitution of 1908, art. 8, and the so-called home rule statute, 1 Comp. Laws 1929, § 2228 *et seq.,* and is empowered thereby to levy taxes for municipal purposes within restricted amounts. The statute (1 Comp. Laws 1929, § 2230), requires the charter to provide:

"That the subjects of taxation for municipal purposes shall be the same as for State, county and school purposes under the general law; * * *

"For annually laying and collecting taxes in a sum not to exceed two per centum of the assessed value of all real and personal property in the city; * * *

"For the levy, collection and return of State, county and school taxes in conformity with the general laws of the State, except that the preparation of the assessment roll, the meeting of the board of review, and the confirmation of the assessment roll may be at such times as shall be provided in the city charter."

The mentioned statute also authorizes special assessments and makes such a lien upon property within designated districts. The charter of the city provides for general and special assessments, tax rolls therefor, liens and enforcement thereof by sale.

The charter of the city, at the period here involved, provided:

"It shall be the duty of the controller to bid in for the city, for a term of ninety-nine years, at any sale of real estate for assessments or taxes, every lot of land or premises for which no person shall offer to bid." Title 6, chap. 4, § 21.

The charter also provided:

"All real estate, bid in by the city, shall be redeemable at any time upon the payment of the amount of the original sale and interest thereon at the rate of ten per cent. per annum." Title 6, chap. 4, § 22.

The city of Detroit, in bidding in the land and while so holding, subject to redemption, was not required to redeem under the notice given by plaintiff and, therefore, lost no rights in failing to do so.

Section 3501, 1 Comp. Laws 1929, is in recognition of the right of a municipality to sell lands for unpaid taxes or assessments.

An examination of provisions of the statute, consideration of the charter provisions relative to taxation and examination of authorities cited by counsel,

lead to the conclusion that plaintiff is not entitled to a decree quieting her title.

The decree in the circuit is reversed and the bill dismissed as to the city of Detroit, with costs to defendant city.

North, C. J., and Fead, Butzel, Bushnell, Sharpe and Toy, JJ., concur. Potter, J., took no part in this decision.