CITY OF DETROIT v. SITTER.

1. TAXATION—STATUTES—STATE, COUNTY AND CITY TAXES—SALES—REDEMPTION.

While State could, by appropriate legislation, declare that title under tax deeds for lands, executed after their sale for State and county taxes, would be free from liens for city taxes, if city upon notice by grantee of right to redeem does not redeem, such legislation would have to be plainly expressed and cannot be accomplished by construction or implication.

2. SAME—CONSTRUCTION OF AMENDATORY ACT—REDEMPTION—DELINQUENT CITY TAXES.

Statute amending provision of general property tax law relative to redemption from tax sale by including "city or political subdivision" with individuals who are permitted to redeem did not alter theretofore existing law by plainly expressing an intent to require a city to redeem from sale for unpaid State and county taxes in order to protect city's lien for unpaid city taxes (1 Comp. Laws 1929, § 3467, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.], and Act No. 325, Pub. Acts 1937).

3. SAME—PRIORITY OF TAX TITLES—CITY'S FORECLOSED TAX LIENS.

Tax titles, as between individuals acquiring same, take priority in reverse order but in the absence of express language in the law to the contrary a city's rights under its foreclosed tax liens are not affected by such rule of law.

4. SAME—PROTECTION OF CITY LIENS.

City which had foreclosed its lien for city taxes or assessments need not, to preserve such interest from subsequent tax title arising from unpaid State and county taxes, take steps by redemption, payment, or otherwise.

5. COSTS—PUBLIC QUESTION—REDEMPTION FROM TAX SALES—STATUTES—CHARTERS.

In city's suit for declaration of rights under statutory and city charter provisions relative to redemption from tax sales, no

costs are allowed, a public matter being involved (1 Comp. Laws 1929, § 3467, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.], and Act No. 325, Pub. Acts 1937; Detroit Charter, title 6, chap. 4, §§ 11, 19, 21, as amended in 1933 and 1935).

Appeal from Wayne; Moll (Lester S.), J. Submitted January 10, 1939. (Docket No. 90, Calendar No. 40,369.) Decided April 4, 1939.

Petition by City of Detroit, a municipal corporation, and Albert E. Cobo, its treasurer, against Fred R. Sitter for a declaration of rights under certain provisions of the charter of the city of Detroit relating to tax sales. From decree rendered, defendant appeals and plaintiffs cross-appeal. Affirmed in part, reversed in part.

*Raymond J. Kelly*, Corporation Counsel, and *John H. Witherspoon*, Assistant Corporation Counsel, for plaintiffs.

BUSHNELL, J. The decree from which both parties have appealed has to do with the construction and validity of title 6, chap. 4, §§ 11, 19, 21, of the charter of the City of Detroit, as amended in 1933 and 1935.

See, also, *City of Detroit* v. *Safety Investment Company, post,* 511.

Defendant Sitter purchased certain property at the State and county tax sale held in May of 1938. At the time of the purchase there were delinquent city taxes and assessments against the property for the years 1932 to 1937, inclusive, in the sum of approximately $315. These unpaid taxes had been bid in by the city, but foreclosure of the city's tax lien had not been instituted. Defendant advised the city that he would serve a notice to redeem from the

State and county tax title purchase and that failure to redeem would be considered a discharge of the city's unpaid tax and assessment lien. Because of the different views entertained by the parties with respect to the decision of this court in *Hoffman* v. *Otto,* 277 Mich. 437, the city filed its petition for declaration of rights.

The circuit court held:

"(1) That the purchase by the defendant at the sale of State and county tax delinquent lands in May, 1938, or the subsequent purchase of a State bid made at said sale, is made subject to the tax and assessment liens upon the same property held by the city of Detroit; that failure upon the part of the city of Detroit, or any one in interest, to redeem from the purchase by the defendant does not in any manner affect the tax or assessment liens existing upon the property and held by the city of Detroit.

"(2) That in the event that the city of Detroit has completed the foreclosure of any tax or assessment liens as provided by the charter, said city insofar as said foreclosed lien is concerned is subject to the rule of law that tax title interests take priority in the reverse order of other liens and said city must, if it desires to protect its foreclosed lien, take the necessary steps by redemption, payment or otherwise, to preserve its interest as regards a subsequent tax title."

Defendant seeks reversal because of claimed error in the first holding of the court and plaintiff seeks reversal of the second holding.

We quote the following from the decree:

"In October, 1933, the tax collection provisions of the charter of the city of Detroit were amended so that the unpaid tax lien of the city of Detroit would during the year following the time the same became due and payable be sold to the city of De-

troit by bid of the controller thereof unless directed by the common council to be sold to private purchasers; said charter, as amended, further providing that the city shall have the right to foreclose its tax lien thus bid in by appropriate chancery proceedings to be begun two years after the bid of the city, said foreclosure proceedings to result ultimately in vesting absolute title to the property in the city, if redemption is not effected during the period provided. It further appearing to the court that the unpaid tax and assessment lien of the city of Detroit for the years 1933 to 1937, inclusive, has been bid in by said city, said liens being held by the city unforeclosed. The property also has been bid in by the city for a period of ninety-nine years for the delinquent 1932 taxes thereon, under the old procedure provided in the charter prior to its amendment in October, 1933.''

In *Hoffman* v. *Otto,* the grantee of a State tax deed purchaser filed a bill to quiet title to lands in the city of Detroit, plaintiff Hoffman contending that the tax deed which she held, and the failure of the city to redeem upon notice, destroyed the general and special tax levies and the interest of the city in the property for the years 1927 and 1928, plaintiff's predecessor in title having purchased the property for unpaid State and county taxes for the year 1928. In discussing the situation arising out of the claimed priority of the tax lien as between the various branches of government, the court said:

''The State, undoubtedly, could, by appropriate legislation, do the very thing claimed by plaintiff, but such legislation would have to be plainly expressed and cannot be accomplished by construction or implication.

''Our attention is not called to any such plainly expressed legislation.''

*Hoffman* v. *Otto* was decided October 16, 1936, and a rehearing was denied on December 9, 1936. In 1937 the legislature, by Act No. 325, Pub. Acts 1937 (Comp. Laws Supp. 1937, § 3467, Stat. Ann. 1938 Cum. Supp. § 7.120), amended section 74 of the general state tax law (1 Comp. Laws 1929, § 3467, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.] [Comp. Laws Supp. 1935, § 3467, Stat. Ann. § 7.120]). Before this amendment, section 74 read:

"Any person owning any of the lands sold as aforesaid, or any interest therein, may, at any time *before the first Tuesday in May in the year* following such sale, redeem any parcel of such lands, or any part or interest in such lands, by showing to the satisfaction of the county treasurer or auditor general that *he* owns only that part or interest in the same which *he* proposes to redeem, by paying to the county treasurer or auditor general the amount of the sale of the parcel of land, or the portion thereof wished to be redeemed, and interest thereon from the date of such sale." *

The section now reads in part:

"Any person owning any of the lands sold as aforesaid, or any interest therein, may, at any time *within eighteen months* following such sale, redeem any parcel or [of?] such lands, or any part or interest in such lands, by showing to the satisfaction of the county treasurer or auditor general that *such person, city or political subdivision* owns only that part or interest in the same which *such person, city or political subdivision* proposes to redeem by paying to the county treasurer or auditor general the amount of the sale of the parcel of land, or the portion thereof wished to be redeemed, and interest thereon from the date of such sale, *at one per cent.*

---

* Italicized words in the versions of this statute before and after amendment are the portions differing from the other version.—RE-PORTER.

*per month or fraction thereof.*" 1 Comp. Laws 1929, § 3467 as amended by Act No. 325, Pub. Acts 1937 (Comp. Laws Supp. 1937 § 3467, Stat. Ann. 1938 Cum. Supp. § 7.120).*

The difference of opinion between plaintiff and defendant arises out of the inclusion of the words "city or political subdivision" in the amended act.

Defendant's answer avers "the said Act (No. 325, Pub. Acts 1937) to be good and valid legislation enacted by the legislature of the State of Michigan for the purpose of meeting the situation created by the Supreme Court in its opinion, case of *Hoffman* v. *Otto,* 277 Michigan, 437."

Testing defendant's rights by the statement in *Hoffman* v. *Otto,* on which he relies, it cannot be said that the statute relied upon "plainly expressed" an intent to change the existing law to the extent that the city of Detroit in this instance would be required to redeem from unpaid State and county taxes. Such legislation must be "plainly expressed and cannot be accomplished by construction or implication." The act of 1937 did not alter the law as expressed by *Hoffman* v. *Otto, supra.*

As to the requirement in the decree that if the city desires to protect its foreclosed lien it must, by redemption payment or otherwise, preserve its interest as regards a subsequent tax title, as stated by the city in its brief, there may be some merit in the rule, but is it supported by existing statutory and charter provisions? None have been cited in support of this portion of the decree, and we have found none. As between individuals acquiring tax titles, the law is well settled that they take priority in reverse order. But in the absence of express language in the law to the contrary, the rights of the city of Detroit cannot be affected and the second

---

* See footnote, p. 509.—Reporter.

portion of the decree heretofore quoted must be vacated.

The decree below is affirmed, with the exception of its second provision, which is vacated. This being a public matter, no costs will be allowed.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.