SLUTZ *v.* STATE LAND OFFICE BOARD.

1. TAXATION—STATE LAND OFFICE BOARD ACT—CITY CHARTERS— LOTS NOT DESIRED FOR PUBLIC USE—REDEMPTION BY CITY.
    Since the State land office board act, as reasonably construed, discloses no legislative intent to divest a city of charter powers, where city's charter permits it to levy taxes for municipal purposes and, upon nonpayment, foreclose its tax lien in equity and have right to purchase and, in absence of redemption, become owner in fee with right of sale like

any other owner, city which had acquired title to city lots was entitled to deed from State land office board upon tender of amount required to redeem from State tax sale although the lots were not desired for public use (Act No. 155, §§ 5, 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939; Detroit City Charter, title 6, chap. 4, § 19, as amended October 10, 1933).

2. MANDAMUS—PUBLIC QUESTION—COSTS.

In mandamus proceeding by city to compel State officers to deed lots to city upon tender of amount necessary to redeem from State tax sale, no costs are awarded, a matter of public interest being involved.

Mandamus by Donald Slutz, controller of the City of Detroit, to compel the State Land Office Board and others to convey certain lots to the city. Submitted September 20, 1940. (Calendar No. 41,216.) Writ granted October 7, 1940.

*Paul E. Krause,* Corporation Counsel, *John H. Witherspoon,* Chief Assistant Corporation Counsel, and *John G. Dunn,* Assistant Corporation Counsel, for plaintiff.

*Thomas Read,* Attorney General, and *Edmund E. Shepherd* and *Peter E. Bradt,* Assistants Attorney General, for defendants.

WIEST, J. The city of Detroit, under charter provisions and judicial proceedings thereunder with decrees for unpaid municipal taxes, acquired title to two lots in that city, subject, however, to title in the State under sale for State and county taxes and purchase thereunder and no redemption. The city so acquired title to one of the lots November 21, 1939, and to the other May 15, 1939. At the request of the city and under the provisions of Act No. 155, § 5, Pub. Acts 1937, as amended by Act No. 244,

Pub. Acts 1939, the lots were withheld from resale by the State under sections 5 and 7 of that act (Comp. Laws Supp. 1940, §§ 3723-5, 3723-7, Stat. Ann. 1940 Cum. Supp. §§ 7.955, 7.957). May 24, 1940, the city, as owner of the lots, subject, however, to rights of the State, tendered to the State land office board the full amount required by said act for redemption of the lots from State ownership, stating:

"The within tender is made for the purpose of obtaining a deed from the State land office board running to the city of Detroit as owner, with the right in the city then to dispose of the land by sale, or otherwise as it deems proper, free from any inhibition as to the use of the land and to hold and possess the land in the same manner and with the same right as any other owner of land."

The city does not desire the land for municipal use but for resale and restoration to the tax rolls. The auditor general and the State land office board refused to convey the lots to the city on the ground that, under the mentioned act, "the city of Detroit can redeem only for a public purpose." The city seeks our writ of mandamus directing the State officers to convey the lots as requested.

The attorney general, representing the State officer, states:

"Upon mature consideration of the problem in the light of *Hoffman* v. *Otto,* 277 Mich. 437, and other authorities cited by the corporation counsel, we are constrained to think that the position of the city of Detroit is tenable.

"Such concessions are, however, limited to this particular case, and to municipalities exercising charter powers similar to those vested in the city of Detroit."

The charter of the city empowers the city to levy taxes for municipal purposes and, upon nonpayment, foreclose in equity and, under decree, have sale with right to purchase and, in case of no redemption, to become the owner in fee, with right of sale like any other owner. Detroit city charter, title 6, chap. 4, § 19, as amended October 10, 1933.

Sections 5 and 7 of Act No. 155, Pub. Acts 1937, as amended, reasonably construed, disclose no legislative intent to divest the city of Detroit of charter powers but rather to preserve such powers. The city, under the circumstances mentioned, was the owner of the lots, with right, as such, to redeem from the State tax sale and, in such case, with subsequent right to dispose of the lots under its charter provisions.

The auditor general and the State land office board are directed to so convey the lots to the city and, if necessary, a writ so commanding will issue.

The matter being of public interest no costs are awarded.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.