# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHAWN LOVETO CAMERON, JR.,

Defendant-Appellant.

FOR PUBLICATION
April 4, 2017
9:00 a.m.

No. 330876
Washtenaw Circuit Court
LC No. 13-001315-FH

Before: BECKERING, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

In this criminal proceeding, defendant Shawn Cameron, Jr., comes before this Court in an appeal of right for a second time. At issue in the instant appeal is whether the imposition of court costs under MCL 769.1k(1)(b)(*iii*) constitutes an unconstitutional tax. Defendant is not the first person to challenge the constitutionality of MCL 769.1k(1)(b)(*iii*) on this basis; however, there are no published opinions on the issue. We conclude that although it imposes a tax, MCL 769.1k(1)(b)(*iii*) is not unconstitutional, and we affirm the trial court's assessment of court costs.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

A jury convicted defendant of assault with intent to do great bodily harm less than murder, MCL 750.84, based on his role in an attack on a woman over a dispute regarding the payment of babysitting fees. The trial court sentenced him as a fourth habitual offender, MCL 769.12, to serve 13 months to 20 years' imprisonment. The court also ordered defendant to pay certain costs and fees, including $1,611 in court costs.

Defendant appealed by right, arguing that the trial court lacked the statutory authority to impose court costs, and that the Legislature's retroactive grant of such authority was unconstitutional. Relying on binding precedent, a panel of this Court disagreed. *People v Cameron*, unpublished opinion per curiam of the Court of Appeals, issued July 28, 2015 (Docket No. 321387). However, the panel remanded the case to the trial court for a determination of whether the court costs imposed were "reasonably related to actual costs incurred by the trial court," as required by MCL 769.1k(1)(b)(*iii*).

On remand, the trial court explained the basis for the imposition of $1,611 in court costs:

-1-

The Washtenaw County Trial Court previously established a factual basis for the court costs it has imposed on each felony case at the time of sentencing. The costs were computed based on the ten year average annual total court budget of $16,949,292 multiplied by the average annual percentage of all filings which are felonies, i.e., 22%, which revealed the average annual budget for the Washtenaw Trial Court's handling of all of its criminal felony cases. This amount was then divided by the average annual number of felony filings over [the] last 6 years (2,217) which resulted in the average court costs of handling each felony case as $1,681. The state costs were subtracted ($68) as well as an additional $2, resulting in the sum of $1,611 being assessed per felony case.

On this basis, the court concluded that the amount of court costs imposed on defendant was reasonably related to the actual costs incurred by the trial court.

## II. ANALYSIS

Defendant argues that the court cost assessment provision set forth in MCL 769.1k constitutes a tax, as opposed to a fee, because it raises revenue and criminal defendants do not pay court costs voluntarily. Defendant maintains that the costs cannot be considered a proportionate fee for services because criminal defendants are not being provided a service when they are subjected to prosecution in a court of law. As a tax, defendant contends that MCL 769.1k(1)(b)(*iii*) is unconstitutional because it violates Const 1963, art 4, § 32, which provides that "[e]very law [that] imposes, continues or revives a tax shall distinctly state the tax." Moreover, defendant claims that there is no limit on the amount of costs that might be imposed under the statute. Defendant also argues that MCL 769.1k violates the separation of powers provision of Const 1963, art 3 § 2.

## A. STANDARDS OF REVIEW

"Whether a charge is a permissible fee or an illegal tax is a question of law." *Dawson v Secretary of State*, 274 Mich App 723, 740; 739 NW2d 339 (2007) (quotation marks and citation omitted). This Court reviews constitutional questions de novo.[1] *People v Conat*, 238 Mich App 134, 144; 605 NW2d 49 (1999). "Statutes are presumed to be constitutional and must be construed as such unless it is clearly apparent that the statute is unconstitutional." *In re RFF*, 242 Mich App 188, 205; 617 NW2d 745 (2000). "[T]he burden of proving that a statute is unconstitutional rests with the party challenging it." *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 479 Mich 1, 11; 740 NW2d 444 (2007).

---

[1] Defendant concedes that he did not challenge the imposition of court costs under MCL 769.1k as an unconstitutional tax before the trial court, and thus, the issue is unpreserved. However, this Court may overlook preservation requirements if "an important constitutional question is involved . . . ." *People v Gezelman*, 202 Mich App 172, 174; 507 NW2d 744 (1993).

## B. APPLICABLE LAW

The assessment of court costs against a convicted defendant is governed by MCL 769.1k(1)(b)(*iii*), which provides:

(b) The court may impose any or all of the following:

* * *

(*iii*) Until 36 months after the date the amendatory act that added subsection (7) is enacted into law, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.
(B) Goods and services necessary for the operation of the court.
(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

As defendant points out in his brief, separate panels of this Court have come to different conclusions in unpublished opinions with respect to whether court costs imposed under MCL 769.1k(1)(b)(*iii*) constitute a fee or a tax. Upon review of the issue, we agree with the analysis and conclusions set forth in *People v Bailey*, unpublished opinion per curiam of the Court of Appeals, issued December 15, 2015 (Docket No. 323190).[2]

## C. TAX OR FEE

As this Court in *Bailey* pointed out, "[t]he first step in examining the constitutional muster of MCL 769.1k(1)(b)(*iii*) is to determine whether it assesses a 'governmental "fee" ' or a tax." *Bailey*, unpub op at 3, quoting *Dawson*, 274 Mich App at 740.[3]

A tax is an "exaction[] or involuntary contribution[] of money the collection of which is sanctioned by law and enforceable by the courts." *Dukesherer Farms, Inc v Ball*, 405 Mich 1, 15; 273 NW2d 877 (1979) (quotation marks and citation omitted). "Taxes have a primary purpose of raising revenue, while fees are usually in exchange for a service rendered or a benefit conferred." *Westlake Transp, Inc v Pub Serv Comm*, 255 Mich App 589, 612; 662 NW2d 784 (2003), aff'd sub nom *American Trucking Ass'n, Inc v Mich Pub Serv Comm*, 545 US 429; 125 S Ct 2419; 162 L Ed 2d 407 and *Mid-Con Freight Sys, Inc v Mich Pub Serv Comm*, 545 US 440; 125 S Ct 2427, 2431; 162 L Ed 2d 418 (2005). "Taxes are designed to raise revenue for the

---

[2] Unpublished opinions are not binding but they may be consulted as persuasive authority. MCR 7.215(C)(1); *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 139 n 3; 783 NW2d 133 (2010).

[3] The parties to the case at bar agree that "fee" and "tax" are the categories at issue for characterization of the court costs that may be imposed pursuant to MCL 769.1k(1)(b)(*iii*).

general public, while a fee confers benefits only upon the particular people who pay the fee, not the general public or even a portion of the public who do not pay the fee." *Westlake Transp*, 255 Mich App at 613 (quotation marks and citation omitted).

When determining whether a charge constitutes a fee or a tax, a court must consider three questions: "(1) whether the charge serves a regulatory purpose rather than operates as a means of raising revenue; (2) whether the charge is proportionate to the necessary costs of the service to which it is related; and (3) whether the payor has the ability to refuse or limit its use of the service to which the charge is related." *Westlake Transp*, 255 Mich App at 612. We will consider each of these questions in turn.

## 1. REGULATORY OR REVENUE-RAISING

This factor looks at the purpose of the charge. We agree with defendant that the purpose of MCL 769.1k(1)(b)(*iii*) is to raise revenue. The plain language of the statute does not reveal a regulatory concern with the public health, safety, and welfare because court costs "are not a form of punishment." *People v Konopka (On Remand)*, 309 Mich App 345, 370; 869 NW2d 651 (2015). Rather, MCL 769.1k(1)(b)(*iii*) expressly allows the trial court to impose costs for the "actual costs incurred by the trial court," including the compensation of court personnel and the recovery of necessary operational expenses. MCL 769.1k(1)(b)(*iii*)(A)-(C). Thus, MCL 769.1k(1)(b)(*iii*) focuses on the trial court's revenue, i.e. "the income of a government from taxation and other sources, appropriated for public expense." *Random House Webster's College Dictionary* (1997).

Recent caselaw supports that MCL 769.1k(1)(b)(*iii*) functions to raise revenue for the courts. In *Konopka*, this Court assumed without elaboration that MCL 769.1k serves a revenue-generating purpose, and rejected the argument that the amended version of MCL 769.1k violated the due process and equal protection clauses of the United States and Michigan Constitutions in part on the ground that "[t]he statute is rationally related to the legitimate purpose of compensating courts for the expenses incurred in trying criminal cases because it provides for the collection of costs from criminal defendants." *Id*. at 368-369, citing MCL 769.1k(1)(b)(*iii*). The Court further reasoned that,

> [b]ecause "the state, including its local subdivisions, is responsible for costs associated with arresting, processing, and adjudicating individuals" who commit criminal offenses, the classification scheme imposing costs on criminal defendants but not civil litigants is "rationally related to the legitimate governmental purpose of generating revenue from individuals who impose costs on the government and society." [*Konopka*, 309 Mich App at 369, quoting *Dawson*, 274 Mich App at 738.]

Therefore, in light of the plain language of the statute and this Court's interpretation of the statute in *Konopka*, we conclude that MCL 769.1k(1)(b)(*iii*) is a revenue-generating statute.

## 2. PROPORTIONATE TO THE COSTS OF THE SERVICE

This factor looks at whether the court imposes costs that are proportionate to the services it renders a particular defendant. Defendant argues that the costs imposed are not proportionate

to the costs the court incurred because MCL 769.1k(1)(b)(*iii*) allows the court to impose costs on a party without separately calculating the actual costs incurred by that party. We disagree. Defendant's argument is unavailing because he misconstrues proportionality as exactitude, and because the court costs at issue had a factual basis and relate to the actual costs the trial court incurs in felony criminal proceedings.

The test for proportionality is not whether a fee or tax is precisely equal to the actual costs incurred. See *Westlake Transp*, 255 Mich App at 615. In *Westlake Transp*, this Court considered whether Michigan's $100 application fee and $100 annual renewal fee for intrastate truckers amounted to a governmental fee or a tax. *Id*. at 593. The plaintiffs argued that the fees were not proportional because they exceeded the expense of the related services. *Id*. at 614. This Court noted that "[a] fee must be proportionate to the cost of the regulation, but its amount is presumed reasonable unless its unreasonableness is established. Where revenue generated by a regulatory 'fee' exceeds the cost of regulation, the 'fee' is actually a tax in disguise." *Id*. (quotation marks and citation omitted). The Court considered a senate fiscal report provided by the plaintiffs showing that the agency collecting the fees had a "surplus" in "nearly every year" that the report examined. *Id*. at 614-615. Nevertheless, the Court concluded that the "aggregate excess" during the years covered by the report "was only 11.7 percent, a relatively small percentage[,]" and affirmed the Court of Claims' finding that the fees were not "wholly disproportionate." *Id*. at 615.

That the court imposes costs that may be more or less than the precise costs incurred in a particular criminal defendant's prosecution does not mean that the costs are disproportionate, or that ways of ensuring proportionality are lacking. MCL 769.1k(1)(b)(*iii*) requires a relationship between costs imposed and the services thus supported by authorizing only costs "reasonably related to the actual costs incurred by the trial court . . . ." Additionally, this Court held in *Konopka* that a trial court must "establish a factual basis" for the costs imposed pursuant MCL 769.1k(1)(b)(*iii*). *Konopka*, 309 Mich App at 359. As an aid to determining court costs, the State Court Administrative Office has recommended that circuit courts calculate costs for purposes of MCL 769.1k(1)(b)(*iii*) "by taking the average of actual costs times the percent of [the] workload for [the] criminal [division] divided by the average number of criminal cases disposed."[4] The trial court in the case at bar imposed costs calculated using a substantially similar formula to determine its average cost per felony case. Thus, the court costs at issue have a factual basis, *id*, and are grounded in the average of actual costs incurred by the trial court in felony prosecutions, MCL 769.1k(1)(b)(*iii*). Although the court costs imposed on an individual convict may vary from the actual expense incurred in the convict's prosecution, such variance should not, given the trial court's method of calculation in the instant case, result in an

---

[4] After enactment of 2014 PA 352, the SCAO provided the circuit courts a memorandum setting forth options for calculating court costs. See SCAO, November 6, 2014 Memorandum, http://courts.mi.gov/Administration/SCAO/OfficesPrograms/Documents/collections/MCL769.1k -ImpositionCriminalFinesCostsAssessments.pdf (accessed March 9, 2017).

"aggregate excess" that would render the assessment disproportional. See *Westlake Transp*, 255 Mich App at 615.[5]

Defendant further argues that the costs are not proportionate to the service because the court confers benefit to the public (justice, fairness, order), not to the particular person on whom the costs are imposed." This argument has merit.

At least one state court has recognized that the penal system benefits the public rather than the person convicted of a crime.[6] In *State v Medeiros*, 89 Hawaii 361; 973 P2d 736 (1999), the Supreme Court of Hawaii held that a local ordinance requiring a convicted person to pay "a service fee of $250.00 for services performed by the city in connection with the arrest, processing, investigation, and prosecution of the convicted person" was an unauthorized[7] tax as opposed to a fee. In reaching that conclusion, the court reasoned that "the 'service' of being investigated and prosecuted clearly does not 'benefit' the payors of the charge, i.e., the persons convicted as a result of the work of the police and the prosecutors; rather, it benefits society at large." *Medeiros*, 89 Hawaii at 368. The court was skeptical of the argument that a criminal convict received a rehabilitative benefit, but "[e]ven assuming, *arguendo*, that a convicted person receives some benefit from his experience with the guiding hand of the law . . . the principal purpose of the penal system is to benefit society, not those who break the law." *Id*. at 369-370.

We find the reasoning in *Medeiros* persuasive and conclude that, although the court costs at issue comport with the requirements of MCL 769.1k(1)(b)(*iii*) and *Konopka*, they nevertheless are not "proportionate to the service rendered" because any service rendered from the trial court's role in the prosecution of defendant benefits primarily the public, not defendant.

---

[5] In *Bailey*, this Court observed, as does plaintiff, that, pursuant to MCL 769.1k,

> the state court administrative office (SCAO) is tasked with compiling data, which information could be used to determine the proportionality of the costs assessed under the statute. However, trial courts only began collecting and submitting data in January 2015, and the SCAO has until July 1, 2016 to compile its first report. See MCL 769.1k(7), (9). Accordingly, the evidence defendant could present to establish the unreasonableness of costs assessed under the statute simply does not yet exist. [*Bailey*, unpub op at 5.]

Even assuming the correctness of that analysis, and that the referenced report currently exists, defendant does not attempt to make any use of it for purposes of this appeal.

[6] Caselaw from sister state courts may be considered for its persuasive value. *Travelers Prop Cas Co of America v Peaker Servs, Inc*, 306 Mich App 178, 188; 855 NW2d 523 (2014).

[7] In *Medeiros*, the "service fee" at issue was passed by local ordinance, and the power to tax in such instance was reserved for the state legislature. *Id*., 89 Hawaii at 366. By contrast, as discussed elsewhere in this opinion, when the Michigan Legislature passed MCL 769.1k(1)(b)(*iii*), it provided sufficient guidelines to delegate properly its taxing authority in this instance to the judicial branch of government.

## 3. PAYOR'S ABILITY TO REFUSE OR LIMIT

The last factor requires consideration of "whether the payor has the ability to refuse or limit its use of the service to which the charge is related." *Westlake Transp*, 255 Mich App at 612. Both plaintiff and defendant agree that, generally speaking, court costs are not voluntarily incurred. As plaintiff conceded: "It is clear that a criminal defendant has no power to 'pass' on his or her prosecution and avoid the underlying costs. Even if a defendant chooses to plead and forego a trial, costs are incurred and assessed."

In sum, MCL 769.1k(1)(b)(*iii*) clearly raises revenue rather than regulates behavior. Although the statute was written to ensure that costs imposed on criminal defendants are proportional to the costs incurred by the trial court, the costs lack important hallmarks of a fee. Mainly, the benefactor of a successful felony prosecution is the general public, not the defendant who is paying for that service. Accordingly, court costs do not "confer[] benefits only upon the particular people who pay the fee" rather than "the general public or even a portion of the public who do not pay the fee." *Westlake Transp*, 255 Mich App at 612. And, once charged with a felony, a defendant lacks "the ability to refuse or limit its use of the service to which the charge is related." *Id*. Considering the factors "in their totality," the costs at issue should be considered a tax, not a fee.[8] *Id*. In fact, while this Court is not bound by a party's statement as to what the law is, we note that the prosecution concedes that MCL 769.1k(1)(b)(*iii*) "is, in fact, a tax, rather than a governmental fee." Accordingly, MCL 769.1k(1)(b)(*iii*) must comply with the Distinct-Statement Clause. *Gillette Commercial Operations North America & Subsidiaries v Dep't of Treasury*, 312 Mich App 394, 447; 878 NW2d 891 (2015).

## D. DISTINCT-STATEMENT CLAUSE

The Distinct-Statement Clause provides that "[e]very law which imposes, continues or revives a tax shall distinctly state the tax." Const 1963, art 4, § 32. As this Court recently explained in *Gillette*:

> The purpose of [the Distinct-Statement] provision is to prevent the Legislature from being deceived in regard to any measure for levying taxes, and from

---

[8] Defendant engages in what amounts to a drive-by citing of "The Headlee Amendment," Const 1963, art 9, § 31, and *Bolt v City of Lansing*, 459 Mich 152, 158-159, 168; 587 NW2d 264 (1998), in support of his contention that the levying of a tax is prohibited without first seeking the approval of the electorate. Defendant's cited authorities, however, pertain to the activities of local units of government and controlling the total amount of taxes that may be imposed on state taxpayers in any fiscal year. See, e.g., *Airlines Parking, Inc v Wayne County*, 452 Mich 527; 550 NW2d 490 (1996). "It is not enough for an appellant to simply announce a position or assert an error in his or her brief and then leave it up to this Court to discover and rationalize the basis for the claims, or unravel and elaborate the appellant's arguments, and then search for authority either to sustain or reject the appellant's position." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002). Defendant has not established that either of his citations of authority supports his argument, and thus, he has effectively abandoned this issue.

furnishing money that might by some indirection be used for objects not approved by the Legislature. The Distinct–Statement Clause is violated if a statute imposes an obscure or deceitful tax, such as when a tax is disguised as a regulatory fee. [*Gillette*, 312 Mich App at 447 (quotation marks and citations omitted).]

Defendant contends that MCL 769.1k(1)(b)(*iii*) violates the Distinct-Statement Clause because it does not reveal that it is creating a tax, establish a "rate of calculation," specify or limit the amount a court may charge, or clarify what proportion of the court's operating and maintenance costs criminal defendants will bear. Defendant asserts that these flaws in the statute render the costs it sanctions obscure and deceitful and, therefore, unconstitutional." We disagree.

MCL 769.1k(1)(b)(*iii*) does not require that a court separately calculate the actual costs in each case, and it does not set or specifically limit the amount of costs a court may impose. However, this is not to say that the statute fails to provide any guidance or limitations. MCL 769.1k(1)(b)(*iii*) limits the costs to those "reasonably related" to the costs the court incurs, and provides a nonexclusive list of the types of expenses the court may include in its determination of costs. Implicit in the statute, and made explicit by this Court's analysis in *Konopka*, 309 Mich App at 359, is the court's obligation to "establish a factual basis" for the costs imposed.

In addition, the amendments occasioned by 2014 PA 352, which ushered in MCL 769.1k(1)(b)(*iii*), did not produce an effect that was "obscure or deceitful," *Gillette*, 312 Mich App at 447, in that the public act stated its purpose clearly as follows:

This amendatory act is a curative measure that addresses the authority of courts to impose costs under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before the issuance of the supreme court opinion in *People v Cunningham*, 496 Mich 145 (2014).

Further, MCL 769.1k(1)(b)(*iii*) contains provisions ensuring transparency and accountability in connection with the costs imposed, which weigh against a result that is obscure or deceitful. For example, MCL 769.1k(7) requires that "[b]eginning January 1, 2015, the court shall make available to a defendant information about any fine, cost, or assessment imposed under subsection (1), including information about any cost imposed under subsection (1)(b)(*iii*)." MCL 769.1k also requires that "each year the clerk of the court shall transmit a report to the state court administrative office" revealing the "[t]he total amount of costs that were imposed [and collected] by that court under subsection (1)(b)(*iii*)." MCL 769.1k(8)(c)-(d). The SCAO in turn must compile the data and issue a corresponding annual report. MCL 769.1k(9). In addition, MCL 769.1k(1)(b)(*iii*) contains a sunset clause, authorizing the assessment of costs in the manner set forth in that statute only "until 36 months after the date the amendatory act that added subsection (7) is enacted into law . . . ."

In sum, MCL 769.1k(1)(b)(*iii*) was an effort by the Legislature to allow trial courts to impose costs on a convicted defendant in amounts reflecting the court's actual operational costs in connection with criminal cases. While a trial court retains some discretion in calculating the costs, the statutory guidance encourages a court to use a formula to determine the average cost of a criminal case. In any event, the trial court must establish on the record its factual basis for

those costs.  *Konopka*, 309 Mich App at 359.  It is true that MCL 769.1k(1)(b)(*iii*) does not contain the word "tax."  Nevertheless, defendant has presented no evidence indicating that the Legislature did not intend MCL 769.1k(1)(b)(*iii*) to raise revenue for the courts, or that the court costs collected are misdirected to a use unintended by the Legislature.  *Gillette*, 312 Mich App at 447.  Accordingly, defendant has not carried his burden of proving that the statute violates the Distinct-Statement Clause.  See *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 479 Mich at 11.

## E.  SEPARATION OF POWERS

Defendant next argues that MCL 769.1k(1)(b)(*iii*) "violates the separation of powers provision of" of our state Constitution on the ground that "[t]he amended cost statute delegates to the trial court the authority to determine the amount of the tax" where "the power to tax rests solely with the Legislature."  However, other than identifying the pertinent constitutional provisions, defendant cites no authority in support of his argument that MCL 769.1k(1)(b)(*iii*) violates the separation-of-power doctrine.  Consequently, we could consider defendant's argument abandoned on the ground that a party may not leave it to this Court to " 'unravel and elaborate for him his arguments . . . .' "  *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).  Nonetheless, because this issue has been raised by several other defendants, and it is not yet the subject of a published opinion, we will address it.

Const 1963, art 3, § 2 states that "[t]he powers of government are divided into three branches:  legislative, executive and judicial.  No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution."  As our Supreme Court has explained, however, the separation-of-powers doctrine does not require an absolute separation between the branches of government:

> While the Constitution provides for three separate branches of government, the boundaries between these branches need not be airtight.  In fact, in designing the structure of our Government and dividing and allocating the sovereign power among three co-equal branches, the Framers of the Constitution sought to provide a comprehensive system, but the separate powers were not intended to operate with absolute independence.  The true meaning [of the separation-of-powers doctrine] is that the whole power of one of these departments should not be exercised by the same hands which possess the whole power of either of the other departments; and that such exercise of the whole would subvert the principles of a free Constitution."  [*Makowski v Governor*, 495 Mich 465, 482-483; 852 NW2d 61 (2014) (alteration retained, quotation marks and citations omitted).]

"If the grant of authority to one branch is limited and specific and does not create encroachment or aggrandizement of one branch at the expense of the other, a sharing of power may be constitutionally permissible."  *Hopkins v Parole Bd*, 237 Mich App 629, 636; 604 NW2d 686 (1999).

Regarding the imposition of taxes, the Michigan Constitution provides that "[t]he legislature shall impose taxes sufficient with other resources to pay the expenses of state

-9-

government," and that "[t]he power of taxation shall never be surrendered, suspended or contracted away." Const 1963, art 9, §§ 1, 2. Thus, the power to tax and appropriate generally rests exclusively with the Legislature. *UAW v Green*, 498 Mich 282, 290; 870 NW2d 867 (2015).

Nevertheless, a legislature may delegate its powers. *Hoffman v Otto*, 277 Mich 437, 440; 269 NW 225 (1936) (noting that, "to the extent of public need," the power of taxation may be delegated to municipal power). To delegate its powers without violating the separation of powers doctrine, a legislature must provide guidelines and standards to the body to which power is delegated. *McNeil v Charlevoix Co*, 484 Mich 69, 102; 772 NW2d 18 (2009) (MARKMAN, J., concurring in part dissenting in part) (citations omitted) (noting, for example, that the Legislature may "delegate a task to an executive branch agency if it provides 'sufficient standards' "). The Legislature's delegation of authority is proper if the standards it provides are "reasonably as precise as the subject matter requires or permits." *Westervelt v Natural Resources Commission*, 402 Mich 412, 439-440; 263 NW2d 564 (1978) (quotation marks omitted); *City of Ann Arbor v Nat'l Ctr for Mfg Sciences, Inc*, 204 Mich App 303, 308; 514 NW2d 224 (1994) (standards must be "sufficiently broad to permit efficient administration so that the policy of the Legislature may be complied with, but not so broad as to give uncontrolled and arbitrary power to the administrators.").

In accordance with the foregoing principals, a panel of this Court determined in *Bailey* that MCL 769.1k(1)(b)(*iii*) did not violate the constitutional provision mandating the separation of governmental powers. *Bailey*, unpub op at 5-6. The panel, assuming that MCL 769.1k(1)(b)(*iii*) "imposes a tax," regarded the situation as "akin to the legislative delegation of sentencing discretion to trial courts[,]" *id*. at 5, elaborating:

> It is well established that the ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature, and the role of the judiciary is to impose and administer the sentencing statutes as enacted. . . . [M]any sentencing statutes delegate discretion to the trial courts in determining a defendant's appropriate sentence. However, the Supreme Court has proclaimed that the separation of powers clause . . . is not offended by the Legislature delegating sentencing discretion in part and retaining sentencing discretion in part. [*Id.* at 5-6 (quotation marks and citations omitted).]

The panel acknowledged that costs assessed pursuant to MCL 769.1k(1)(b)(*iii*) were not imposed as punishment, and therefore authorities addressing criminal punishment were not directly on point. *Id*. at 6. However, the panel held that "this delegation, like the delegation of sentencing discretion, was not taken without providing guidance and parameters." *Id*. The panel further observed that "the bestowing of such discretion does not become an unconstitutional delegation of a legislative function where its exercise is controlled and guided by adequate standards in the statute authorizing it." *Id*. at 6. The panel outlined the guidance provided by the Legislature in MCL 769.1k(1)(b)(*iii*) before concluding that there was "no unconstitutional delegation of legislative authority." *Id*. We find the analysis in *Bailey* to be persuasive.

In sum, even if our Legislature delegated some of its taxing authority to the circuit courts, the Michigan Constitution does not require an absolute separation of powers. *Makowski*, 495

Mich at 482-483. In addition, MCL 769.1k(1)(b)(*iii*) provides adequate guidance to the circuit courts by allowing them to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case . . . [.]" Further, it was necessary for the Legislature to provide "sufficiently broad" guidance in order to accommodate the varying costs incurred by the circuit courts. *Nat'l Ctr for Mfg Sciences, Inc*, 204 Mich App at 308. Although defendant bemoans the lack of a specified methodology for calculating court costs, the plain language of 769.1k(1)(b)(*iii*) suggests that a court should impose costs in accordance with the cost of an average case. This Court's interpretation of MCL 769.1k(1)(b)(*iii*) as requiring a factual basis for the assessed costs further ensures that the circuit courts do not exercise unfettered discretion under MCL 769.1k(1)(b)(*iii*). See *Konopka*, 309 Mich App at 359. Especially because he has cited no authority in support of his position, defendant fails to carry his burden of proving that MCL 769.1k(1)(b)(*iii*) operates as an unconstitutional delegation of power. See *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 479 Mich at 11.

## F. CONCLUSION

MCL 769.1k(1)(b)(*iii*) is a revenue-generating measure and the courts forcibly impose the assessment against unwilling individuals. As such, it is a tax, rather than a governmental fee. Although it does not expressly state that it imposes a tax, the statute is neither obscure nor deceitful, and thus, it does not run afoul of the Distinct-Statement Clause of Michigan's Constitution. Finally, because the trial court must establish a factual basis for its assessment of costs to ensure that the costs imposed are reasonably related to those incurred by the court in cases of the same nature, the legislative delegation to the trial court to impose and collect the tax contains sufficient guidance and parameters such that it does not run afoul of the separation of powers provision of Const 1963, art 3 §2. Thus, we affirm the trial court's imposition of court costs against defendant.

Affirmed.

/s/ Jane M. Beckering
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello

-11-